UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

LISBET PANTOJA YERA *on behalf of* §
YOAN ALEJANDRO HERNANDEZ YERA §
§
VS. § CIVIL ACTION NO. 5:26-cv-377
§
WARDEN, RIO GRANDE PROCESSING §
CENTER *et al.* §

## ORDER TO SHOW CAUSE

Lisbet Pantoja Yera initiated this habeas proceeding, allegedly on behalf of her brother, Yoan Alejandro Hernandez Yera (*see* Dkt. No. 1). As the Court is uncertain that it can maintain subject matter jurisdiction over this matter, Petitioner is **ORDERED TO SHOW CAUSE IN WRITING** that the requirements are met **no later than April 6, 2026**.

## I.   BACKGROUND

On March 13, 2026, the Court received a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, executed by Lisbet Pantoja Yera on Yoan Alejandro Hernandez Yera's behalf (*see* Dkt. No. 1). According to the Petition, Yoan, a Cuban citizen, is detained by immigration authorities at the Rio Grande Processing Center in Laredo, Texas (Dkt. No 1 at 1, 13). Petitioner requests his immediate release or a bond hearing (Dkt. No. 1 at 8, 24).

Setting aside the possible limitations of the relief sought,[1] the Court identified deficiencies in Petitioner's pleading, which may preclude its subject matter jurisdiction

---

[1] *See* 8 U.S.C. § 1252(g) (the executive branch has exclusive jurisdiction to adjudicate cases); § 1252(b)(9) (if claims "arise from" removal proceedings, federal courts lack jurisdiction); § 1252(a)(5) (the only means of obtaining judicial review of a final order of removal, deportation, or exclusion is by filing a petition with a federal court of appeals).

over this matter. Namely, Lisbet has not satisfied the requirements to represent Yoan as a next friend. Nor does Lisbet appear to be a licensed attorney.

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 2242, a habeas petition "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." While the individual acting on the Petitioner's behalf is ordinarily an attorney, "a non-lawyer may sign and file a habeas petition on behalf of someone else only when the petition establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would-be 'next-friend.'" *Burruss v. Hawkins*, No. CV H-22-2740, 2023 WL 319955, at *3 (S.D. Tex. Jan. 19, 2023) (citation modified) (quoting *Weber v. Garza*, 570 F.2d 511, 513–14 (5th Cir. 1978) (per curiam)). The failure to establish these requisites strips the district court of subject matter jurisdiction to consider a petition. *Id.* (citing *Weber*, 570 F.2d at 514).

## III.  DISCUSSION

Here, Lisbet claims she is Yoan's sister and is "truly dedicated to her brother's best interests," explaining she "maintains a meaningful and close relationship with him, knows his medical and legal circumstances thoroughly, and focuses exclusively on securing his legal release and protecting his well-being" (Dkt. No. 1 at 14). Lisbet also explains Yoann cannot file this Petition alone due to "significant and practical barriers imposed by his or her detention" (Dkt. No. 1 at 14). She specifically notes his incarceration, limited access to legal remedies, and lack of legal expertise as reasons for his inability to bring this action on his own. (Dkt. No. 1 at 14). She also notes he "faces communication difficulties within the detention center" but does not explain what

consists of these difficulties. (Dkt. No. 1 at 14). Nonetheless, these conclusory allegations do not satisfy the *Weber* framework.

*First*, Petitioner "must also 'set forth an adequate reason or explanation of the necessity for resort to the "next friend" device.'" *Burruss*, 2023 WL 319955, at *3 (quoting *Weber*, 570 F.2d at 514). *Weber* sanctioned several justifications, including the "[i]nability to understand the English language or the situation, particularly in the case of aliens, impossibility of access to the person, or mental incapacity." *Weber*, 570 F.2d at 514 n.4 (quoting *United States ex rel. Bryant v. Houston*, 273 F. 915, 916 (2d Cir. 1921)); *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) ("[A] 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability." (citations omitted)). The fact that Yoan is detained, on its own, is not sufficient to justify next friend status.

Indeed, similarly situated habeas petitioners are **all** detained, yet they manage to prepare and file their writs. This Court is not alone in seeing "numerous pro se petitioners in immigration custody seeking relief who face the same conditions as [Petitioner] and are able to litigate their petition." *Rosales Acosta v. Slosar*, No. 2:26-CV-233-KCD-NPM, 2026 WL 309230, at *1 (M.D. Fla. Feb. 5, 2026). Affording Yoan flexibility here would create a fundamental unfairness, as others are not granted the same accommodation. Ultimately, the burden lies with the next friend to "clearly [] establish the propriety of his status and thereby justify the jurisdiction of the court," and the Court finds that Lisbet did not rise to the occasion here. *Whitmore*, 495 U.S. at 164 (citations omitted).

*Second*, Lisbet does not allege that she is a licensed attorney. Unless next friend status has otherwise been established, that fact ordinarily bars a court from exercising subject matter jurisdiction over these proceedings. *See Smith v. White*, 857 F.2d 1042,

1043 (5th Cir. 1988) (signatures of non-attorneys are generally ineffective to initiate proceedings on the behalf of non-signor prisoners). **Consequently, it is the Court's current interpretation that the instant Petition is subject to dismissal**. *Burruss*, 2023 WL 319955, at *3 (citing *Weber*, 570 F.2d at 514).

## IV.  CONCLUSION

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE IN WRITING** why this petition should not be dismissed for lack of subject matter jurisdiction. If Lisbet seeks to pursue this action on Yoan's behalf as next friend, she must: (1) adequately explain why Yoan cannot prosecute this habeas proceeding on his own consistent with relevant case law; (2) provide proof to support why the circumstances prevent him from representing his own interests; and (3) establish that she is truly dedicated to Yoan's best interests. Petitioner **must** file his response **no later than April 6, 2026**.

**Petitioner is WARNED that failure to comply with this Order may result in dismissal of this action for want of prosecution under Federal Rule of Civil Procedure 41(b)**. *See* Rules Governing Section 2254 Cases, Rule 12 (the Federal Rules of Civil Procedure apply in habeas actions "to the extent that they are not inconsistent with any statutory provisions or these rules"); *see also* Rules Governing Section 2254 Cases, Rule 1(b) (§ 2254 rules apply to 28 U.S.C. § 2241 cases).

The Clerk of Court is **DIRECTED** to serve a copy of this Order on Lisbet Pantoja Yera via any receipted means at:

Lisbet Pantoja Yera
227 Sekel Ln
Houston, Texas 77015

4

The Clerk of Court is also **DIRECTED** to serve a copy of this Order on Yoan Alejandro Hernandez Yera via United States mail at:

Yoan Alejandro Hernandez Yera
A-Number: 213-391-798
Rio Grande Processing Center
1001 San Rio Blvd
Laredo, Texas 78046

It is so **ORDERED**.

**SIGNED** March 23, 2026.

Marina Garcia Marmolejo
United States District Judge