United States District Court
Southern District of Texas

**ENTERED**
June 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

LISBET PANTOJA YEAR *on behalf of* §
YOAN ALEJANDRO HERNANDEZ TERA §
                                                     §
VS.                                                §        CIVIL ACTION NO. 5:26-cv-377
                                                     §
WARDE *et al.*                                 §

**ORDER STAYING CASE**

**A. Next Friend Standing**

As a preliminary matter, the Court finds that putative next friend has satisfied her burden of establishing jurisdiction. "[A] non-lawyer may sign and file a habeas petition on behalf of someone else only when the petition establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would-be 'next-friend.'" *Burruss v. Hawkins*, No. CV H-22-2740, 2023 WL 319955, at *3 (S.D. Tex. Jan. 19, 2023) (citation modified) (quoting *Weber v. Garza*, 570 F.2d 511, 513–14 (5th Cir. 1978) (per curiam)). The filer's "explanation must be supported by relevant proof." *Soto v. Sowell*, No. CV H-25-1362, 2025 WL 2822000, at *3 (S.D. Tex. Oct. 3, 2025).

Here, the petition incorporated medical records suspecting that Yoan suffers from Wolff Parkinson White Syndrome[1] (Dkt. No. 1-2 at 34). According to his sister, Yoan's condition can trigger dizzy spells and chest pain, which unpredictability and stress aggravate (Dkt. No. 11 at 3). The Court is satisfied that this is a sufficient disability and adequate explanation. Additionally, courts have found that a sibling fulfills the second

---

[1] Wolff Parkinson White Syndrome is a congenital heart defect causing a dangerously fast heartbeat. *See* Wolff Parkinson White Syndrome, MAYO CLINIC, https://www.mayoclinic.org/diseases-conditions/wolff-parkinson-white-syndrome/symptoms-causes/syc-20354626 (last visited May 27, 2026).

1

prong of a sufficiently close relationship. *See Davis v. Austin*, 492 F. Supp. 273, 275 (N.D. Ga. 1980); *Santos v. Merrick*, No. SA-25-CA-01765-XR, 2026 WL 300786, at \*2 (W.D. Tex. Jan. 30, 2026).

That said, Lisbet cannot use next friend status as a guise to engage in the unauthorized practice of law. *Weber*, 570 F.3d at 513–14; *see also Gonzales v. Sheriff of Hays Cnty.*, No. 1:26-CV-205-RP, 2026 WL 1195855, at \*2 (W.D. Tex. Apr. 30, 2026) (collecting cases). It is important to note that "a next friend may not litigate the case beyond filing the petition." *Jiminez Leon v. Warden of Diamondback Corr. Facility*, No. CIV-26-137-PRW, 2026 WL 1034406, at \*3 (W.D. Okla. Apr. 16, 2026). **Thus, Lisbet's next friend status is strictly limited to the Petition's filing.** *Weber*, 570 F.2d at 514; *see also Banks ex rel. Waymer v. Eddy*, 801 F. App'x 50, 51 (3d Cir. 2020) ("A non-attorney cannot represent another party, even if acting as a next friend.").

## B. Order for Response

Before the Court is Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1). Having reviewed the pleading and given the complexity of the claims, the Court hereby **ORDERS** Respondents to file a response and serve it on Petitioner within **ten (10) days** of the date of service by the Clerk of Court.  The responsive pleading **must** specifically address whether this Court has jurisdiction to entertain this Petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). **Given the time-sensitive nature of Petitioner's claims, no extensions will be granted.**

It is further **ORDERED** that if Petitioner elects to file a reply, he may do so no later than **five (5) days** after Respondents file their respective answers or responses. *See* Rule 5(e) of the Rules Governing Section 2254 Proceedings. **As a reminder, Lisbet may not file this reply.**

Pursuant to the Memorandum of Understanding dated January 29, 2026, the Court **FOREGOES** mail service. The Clerk of Court is **DIRECTED** to electronically serve the Petition for Writ of Habeas Corpus (Dkt. No. 1), and this Order on the Southern District of Texas's Civil Chief Daniel Hu at USATXS.CivilNotice@usdoj.gov.

Such service does not substitute for the requirements of formal service but is instead intended only to provide Respondents notice and an opportunity to be heard at this initial juncture. Petitioner is directed to serve Respondents in accordance with Rule 4(i) of the Federal Rules of Civil Procedure and include a copy of this Order with that service.

To preserve the status quo while the Court considers this matter, Respondents are **ORDERED** to notify Petitioner's counsel and the Court of any anticipated or planned transfer of Petitioner outside the Southern District of Texas, Laredo Division, or any planned removal of him from the United States, at least five (5) days before any such transfer or removal.

Finally, Respondents will not be served further notice of activity on this docket. Instead, they must arrange to monitor the docket themselves, either by automatic electronic service or otherwise.

It is so **ORDERED**.

**SIGNED** June 2, 2026.

_____
Marina Garcia Marmolejo
United States District Judge

3